| B104 (08/07) **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Alex D. Moglia, Trustee<br><br>c/o Kevin P. Keech<br>Keech Law Firm, PA<br>4800 West Commercial Dr.<br>North Little Rock, AR 72116 | **DEFENDANTS**<br>TricorBraun<br><br>Attn: CT Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Keech Law Firm, PA<br>4800 West Commercial Drive<br>North Little Rock, AR 72116<br>(501) 221-3200 | **ATTORNEYS** (If Known)<br>Gary L. Vincent, Husch Blackwell Sanders LLP<br>190 Carondelet Plaza, Suite 600<br>St. Louis, MO 63105<br>(314) 480-1727 |
| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ Creditor  ☒ Trustee  ☐ U.S. Trustee  ☐ Other | **PARTY** (Check One Box Only)<br>☐ Debtor  ☒ Creditor  ☐ Trustee  ☐ U.S. Trustee  ☐ Other |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Preference / Fraudulent Transfer — See Below

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
☐ 41-Objection/revocation of discharge - §727(c), (d), (e)

**FRBP 7001(5) - Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
☐ 66-Dischargeability - §523(a)(1), (14), (14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
☐ 61-Dischargeability §523(a)(5), domestic support
☐ 68-Dischargeability §523(a)(6), willful and malicious injury
☐ 63-Dischargeability §523(a)(8), student loan
☐ 64-Dischargeability §523(a)(15), divorce/sep property settlement/decree
☐ 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
☐ 71-Injunctive relief - reinstatement of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) - Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) - Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) - Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 USC §§78aaa et. seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $59,358.37 |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>J.M. Products, Inc. || BANKRUPTCY CASE NO.<br>4:09-bk-12828 |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern | DIVISIONAL OFFICE<br>Little Rock | NAME OF JUDGE<br>James G. Mixon |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ ||| 
| DATE<br>12/29/10 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Kevin P. Keech ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

Plaintiffs and Defendants. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

Attorneys. Give the names and addresses of the attorneys, if known.

Party. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

Demand. Enter the dollar amount being demanded in the complaint.

Signature. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

| | |
|---|---|
| IN RE: J. M. PRODUCTS, INC.,<br>Debtor | Case No. 4:09-BK-12828<br>Chapter 7 |
| ALEX D. MOGLIA, TRUSTEE | PLAINTIFF |
| VS.  AP CASE NO. _____ | |
| TRICORBRAUN | DEFENDANT |

COMPLAINT TO AVOID AND
RECOVER PREFERENTIAL TRANSFERS

Comes now Alex D. Moglia, Chapter 7 Trustee (the "Trustee"), by and through counsel, and for his Complaint to Avoid and Recover Preferential Transfers states as follows:

1. On April 23, 2009 (the "Petition Date"), Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.

2. On March 3, 2010, the bankruptcy case was converted to one under chapter 7 of title 11 of the Bankruptcy Code, and the Court approved the appointment of Alex D. Moglia as the Chapter 7 Trustee.

3. This Court has jurisdiction over this Complaint pursuant to 28 USC §§ 1334 and 157. Venue is proper in this district pursuant to 28 USC § 1409.

4. This is a core proceeding within the meaning of 28 USC § 157(b)(2)(A), (B), (F), and (O).

COUNT I – AVOIDANCE OF PREFERENTIAL TRANSFER – 11 USC § 547

5. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

6. On or within ninety (90) days of the order for relief in this case, that is between January 22, 2009 and April 23, 2009 (the "Preference Period"), the Debtor herein transferred certain of its property to the Defendant on account of an antecedent debt totaling $59,358.37 (the "Transfers"). A list of the Transfers is as follows:

| | |
|---|---|
| 02/05/09 | $24,661.48 |
| 02/24/09 | $19,136.52 |
| 04/13/09 | $15.560.37. |

7. The Transfers were made while the Debtor was insolvent.

8. The Transfers were made to or for the benefit of Defendant, a creditor of the Debtor, for antecedent debt.

9. Said transfers will enable Defendant to recover more than it would receive as a creditor if:

   (a) This was a case under Chapter 7 of Title 11 of the Bankruptcy Code;

   (b) The transfers had not been made; and

   (c) The Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

10. Each of the Transfers constitute an avoidable preference within the meaning of 11 USC § 547.

11. Despite the Trustee's requests, Defendant has not returned the Transfers to the Trustee.

12. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by one or more

2

of the Debtors of an interest of the Debtors in property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves the right to amend this original Complaint so as to include: (i) further information regarding the Transfers, (ii) additional Transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (including, but not limited to, 11 USC §§ 542, 544, 548, 549, and 550) (collectively the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## COUNT II - CONSTRUCTIVELY FRAUDULENT TRANSFERS
## 11 USC § 548(a)(1)(B)

13.   Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

14.   To the extent that one or more Transfers (or such other transfers that may be identified or discovered during the discovery process) were not on account of an antecedent debt or a prepayment for goods subsequently received, the Debtors did not receive reasonably equivalent value in exchange for such Transfer(s) (the "Potentially Fraudulent Transfers"); and

    A.   The Debtor was insolvent on the date that the Transfer(s) was made or became insolvent as a result of the Transfer(s); or

    B.   The Debtor was engaged in a business or a transaction, or was about to engage in business or a transaction for which any property remaining with the Debtor was an unreasonably small capital; or

    C.   The Debtor intended to incur, or believed it would incur, debts that would be beyond its ability to pay as such debts matured.

15. The Potentially Fraudulent Transfers are avoidable pursuant to 11 USC § 548(a)(1)(B).

## COUNT III – UNAUTHORIZED POST-PETITION TRANSFERS
## 11 USC § 549

16. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

17. To the extent the Debtor made a transfer to the Defendant on account of obligations that arose before the Petition Date and that cleared after the Petition Date, such transfer(s) were unauthorized post-petition transfers (the "Post-Petition Transfers") and are avoidable pursuant to 11 USC § 549.

## COUNT IV – RECOVERY OF AVOIDED TRANSFERS – 11 USC § 550

18. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

19. Plaintiff is entitled to avoid the Transfers pursuant to 11 USC § 547(b), any Potentially Fraudulent Transfers pursuant to 11 USC § 548, and any Post-Petition Transfers pursuant to 11 USC § 549. The Transfers, any Potentially Fraudulent Transfers and any Post-Petition Transfers are collectively referred to herein as "All Avoided Transfers."

20. Defendant was the initial transferee of All Avoided Transfers or was the immediate or mediate transferee of such initial transferee or the person for whose benefit All Avoided Transfers were made.

21. Pursuant to 11 USC § 550(a), Plaintiff is entitled to recover from Defendant All Avoided Transfers, plus interest thereon to the date of payment and the costs of this action.

## COUNT V – DISALLOWANCE OF CLAIMS – 11 USC § 502(d) and (j)

22. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

23. Defendant is an entity from which property is recoverable under 11 USC § 550.

24. Defendant is a transferee of All Avoided Transfers avoidable under 11 USC §§ 547, 548 and/or 549.

25. Defendant has not paid the amount of All Avoided Transfers, or turned over such property for which Defendant is liable under 11 USC § 550.

26. Pursuant to 11 USC § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtor's estate must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of All Avoided Transfers, plus interest thereon and costs.

27. Pursuant to 11 USC § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtor's bankruptcy estate or previously allowed by the Debtor or Plaintiff, must be reconsidered and disallowed until such time as the Defendant pays to the Plaintiff an amount equal to the aggregate amount of All Avoided Transfers.

WHEREFORE, the Trustee respectfully requests this Court grant the following relief against the Defendant:

As to Counts I through VI, that the Court enter a judgment against the Defendant:

A. That All Avoided Transfers avoidable under 11 USC §§ 547, 548, and/or 549 in the amount of not less than $59,358.37 be avoided;

B. That All Avoided Transfers, to the extent avoided pursuant to 11 USC §§ 547, 548, and/or 549, be recovered by Plaintiff pursuant to 11 USC § 550;

C. Disallowing, in accordance with 11 USC § 502(d), any claims held by Defendant and/or its assignee until Defendant satisfies judgment;

D. Disallowing, in accordance with 11 USC § 502(j), any claims held by Defendant and/or its assignee until Defendant satisfies judgment;

E. Awarding pre-judgment interest at the maximum legal rate running from the date of each Transfer to the date of judgment herein;

F. Awarding post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid and satisfied in full, plus costs;

G. Requiring Defendant to pay forthwith the judgment amount awarded in favor of Plaintiff;

H. Granting Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

KEECH LAW FIRM, PA
4800 West Commercial Drive
North Little Rock, AR 72116
501.221.3200 (telephone)
501.221.3201 (fax)

By: _____
Kevin P. Keech (AR 98147)
kkeech@keechlawfirm.com

*Attorneys for Alex D. Moglia, Trustee*

6